UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JANE MARIE FILITI,
Individually and on Behalf of
All Others Similarly Situated,

      Plaintiff,

  v.

USAA CASUALTY INSURANCE
COMPANY, Foreign Corporation,
and DOES 1-50,

      Defendants.

NO. CIV. S-06-2694 WBS DAD

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

----oo0oo----

      Plaintiff Jane Marie Filiti ("plaintiff") challenges defendant USAA Casualty Insurance Company's ("defendant") handling of her claim for automobile repairs, alleging breach of contract, breach of the implied covenant of good faith and fair dealing and unfair competition.  Defendant moves to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   <u>Allegations of the Complaint</u>

      Plaintiff purchased an automobile insurance policy from defendant.  (Compl. ¶ 9.)  In October 2004, plaintiff's car was

1

1 damaged.  (Id. ¶ 10.)  Plaintiff went to an auto body repair shop
2 of her choice and obtained a written estimate for the cost to
3 repair the damage to her car.  (Id. ¶ 11.)  The labor rate
4 included in the auto body repair shop's cost estimate was $78.00
5 per hour.  (Id.)  Plaintiff made a claim to defendant for the
6 damage to her vehicle, but defendant agreed only to pay a $65.00
7 per hour labor rate stating that was the prevailing labor rate
8 for auto body repair shops in plaintiff's geographic area.  (Id.
9 ¶¶ 10, 12, 13.)  Plaintiff paid the difference between the labor
10 rate defendant agreed to pay and the rate charged to her by the
11 auto body repair shop.  (Id. ¶ 17.)

12          Plaintiff alleges that defendant breached the
13 provisions of the insurance policy "by denying {plaintiff's] for
14 insurance benefits and refusing to pay the reasonable hourly
15 labor rate for repairs, and compelling their insureds to pay, or
16 become indebted for, the difference between that reasonable rate
17 and the rates that [defendant] actually paid." (Id. ¶ 69.)
18 Plaintiff also alleges that defendant "tortiously breached the
19 implied covenant of good faith and fair dealing arising from such
20 automobile insurance contracts by unreasonably denying auto
21 repair benefits . . . which were due. . ."  (Id. ¶ 69.) Plaintiff
22 further alleges defendant violated California's unfair
23 competition law ("UCL") (California Business and Professions Code
24 section 17200, *et seq.*) and requests a preliminary and permanent
25 injunction to enjoin defendant from "underpaying insurance
26 benefits."  (Id. ¶¶ 45-58.)
27 ///
28 ///

## II. Discussion

### A. Legal Standard

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cruz v. Beto, 405 U.S. 319 (1972). The court may not dismiss for failure to state a claim unless "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Van Buskirk v. CNN, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Dismissal is appropriate, however, where the pleader fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988); see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

In general, the court may not consider material other than the facts alleged in the complaint when deciding a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) ("A motion to dismiss . . . must be treated as a motion for summary judgment . . . if either party . . . submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials."). However, the court may consider extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document . . . ." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the court

3

considers the insurance policy attached to defendant's motion.

### B. Breach of Contract

Quite simply, under the terms of the policy, defendant was obligated to pay the amount necessary to repair the damaged property, which means restoring it to its pre-accident operational safety, function, and appearance. The court cannot conclude beyond doubt that under the allegations of the complaint there is no set of facts plaintiff could present to prove defendant breached that obligation. The complaint alleges that defendant breached the provisions of the policy "by denying [plaintiff's] claim[] for insurance benefits and refusing to pay the reasonable hourly labor rate and compelling [plaintiff] to pay, or become indebted for, the difference between that reasonable rate and the rates that [defendant] actually paid." That is sufficient to meet the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

### C. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant's argument with respect to plaintiff's claim for breach of the implied covenant of good faith and fair dealing rests essentially on its argument that the complaint fails to state a claim for breach of contract. Because the court finds that the complaint does state a claim for breach of contract, defendant's argument with respect to the claim for breach of the implied covenant also fails.

### C. UCL

Defendant argues that plaintiff cannot state a claim under the UCL because she cannot meet the "lost money or

4

1  property" prong of the statute's recently imposed standing
2  requirement.  California's UCL prohibits unfair competition,
3  defined to "include any unlawful, unfair or fraudulent business
4  act or practice."  Cal. Bus. & Prof. Code § 17200.  Prior to the
5  passage of Proposition 64, approved by California voters in the
6  November 2004 elections, "any person," independent of "a showing
7  of injury or damage," had standing to bring a claim under the
8  UCL.  <u>Californians for Disability Rights v. Mervyn's, LLC</u>, 39
9  Cal. 4th 223, 228 (2006).  However, since the passage of
10 Proposition 64, plaintiff may only bring a claim under the UCL if
11 she "has suffered injury in fact and has lost money or property
12 as a result of such unfair competition."  Cal. Bus. & Prof. Code
13 § 17204.
14          Plaintiff alleges that she has lost insurance benefits
15 due under her policy which defendant failed to pay when it denied
16 her claim in part.  Those allegations are sufficient to state an
17 injury or loss sufficient to give rise to standing under the UCL
18 for purposes a motion to dismiss under Rule 12(b)(6).
19          D.    <u>Preliminary and Permanent Injunction</u>
20          Defendant argues that plaintiff does not have Article
21 III standing to seek an injunction because she cannot meet the
22 requirements of <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-02
23 (1983).  However, under the allegations of the complaint, the
24 court cannot conclude beyond doubt that plaintiff will be unable
25 to establish (1) that she is likely to suffer a future injury
26 that is both (a) concrete and particularized and (b) real and
27 immediate; (2) that the future injury is likely to result from
28 the defendant's acts; and (3) that the injunctive relief sought

will likely prevent the future injury form occurring.  It appears that plaintiff is still insured by defendant and thus would be likely to suffer the same kind of loss if her car is damaged in the future.

IT IS THEREFORE ORDERED that defendant's motion to dismiss be, and the same hereby is, DENIED.

DATED:  June 19, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE