UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JANE MARIE FILITI,
Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

   v.

USAA CASUALTY INSURANCE
COMPANY, Foreign Corporation,
and DOES 1-50,

        Defendants.

CIV. NO. S-06-2694 WBS DAD

ORDER RE: MOTION FOR
RECONSIDERATION

----oo0oo----

Defendant moves, pursuant to Local Rule 78-230(k), for reconsideration of this court's order denying defendant's motion to dismiss. Plaintiff opposes the motion.

I. Factual and Procedural History

In her complaint, plaintiff alleges that she purchased an automobile insurance policy from defendant. (Compl. ¶ 9.) In October 2004, plaintiff's car was damaged. (Id. ¶ 10.) Plaintiff went to an auto body repair shop of her choice and obtained a written estimate for the cost to repair the damage to her car. (Id. ¶ 11.) The labor rate included in the auto body repair shop's cost estimate was $78.00 per hour. (Id.) Plaintiff made a

1  claim to defendant for the damage to her vehicle, but defendant
2  agreed only to pay a $65.00 per hour labor rate stating that was
3  the prevailing labor rate for auto body repair shops in
4  plaintiff's geographic area. (Id. ¶¶ 10, 12, 13.) Plaintiff paid
5  the difference between the labor rate defendant agreed to pay
6  and the rate charged to her by the auto body repair shop. (Id. ¶
7  17.)

8        The complaint further alleges that defendant breached
9  the provisions of the insurance policy "by denying [plaintiff's]
10 insurance benefits and refusing to pay the reasonable hourly
11 labor rate for repairs, and compelling their insureds to pay, or
12 become indebted for, the difference between that reasonable rate
13 and the rates that [defendant] actually paid." (Id. ¶ 69.)
14 Plaintiff also alleges that defendant "tortiously breached the
15 implied covenant of good faith and fair dealing arising from
16 such automobile insurance contracts by unreasonably denying auto
17 repair benefits . . . which were due . . ." (Id.) It is further
18 alleged defendant violated California's unfair competition law
19 ("UCL") (California Business and Professions Code section 17200,
20 *et seq*.) and requested a preliminary and permanent injunction to
21 enjoin defendant from "underpaying insurance benefits." (Id. ¶¶
22 45-58.)

23       On March 26, 2007, defendant moved to dismiss
24 plaintiff's complaint pursuant to Federal Rules of Civil
25 Procedure 12(b)(6). At that time, the case was assigned to
26 Judge England. After briefing on the motion was completed,
27 Judge England recused himself, and the case was assigned to this
28 court. On June 20, 2007 the court denied defendant's motion to

2

dismiss.  Defendant filed a motion for reconsideration on July 23, 2007.

II. Discussion

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration is appropriate only when the "district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Local Rule 78-230, motions for reconsideration must also set forth, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 78-230(k).  A motion for reconsideration must accomplish two goals to succeed, "[f]irst, a motion for reconsideration must demonstrate why the court should reconsider its prior motion.  Second, the motion must set forth facts or law of 'a strongly convincing' nature to induce the court to reverse its prior decision." Jacob v. U.S., 128 F.Supp.2d 638, 641 (D.Haw.2000) (citing Decker Coal Co. v. Hartman, 706 F.Supp. 745, 750 (D. Mont. 1998) (citation omitted).

A. <u>Breach of Contract</u>

Defendant argues that this court's June 20, 2007 order failed to properly apply the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955 (May 21, 2007). Specifically, defendant points out that in considering plaintiff's claim for breach of contract, this court held that:

> Under the terms of the policy, defendant was obligated to pay the amount necessary to repair the damaged property, which means restoring it to its pre-accident operational safety, function and appearance. The court cannot conclude beyond doubt that under the allegations of the complaint there is no set of facts plaintiff could present to prove defendant breached that obligation.

(Order at 4:3-9) (quoting <u>Van Buskirk v. CNN, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002).) The "no set of facts" language to which this court referred was the traditional legal standard cited in the Ninth Circuit for 12(b)(6) motions to dismiss and is derived from the Supreme Court's decision in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")

Defendant correctly points out that in <u>Bell Atlantic</u> the Supreme Court abrogated the 12(b)(6) motion to dismiss standard under <u>Conley</u>. The Court held that:

> This "no set of facts" language can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown on the face of the pleadings . . . . On such a focused and literal

4

> reading of *Conley's* "no set of facts," a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of facts" to support recovery.

127 S. Ct. at 1968. The Court determined that Conley's "no set of facts" language "has earned its retirement" and that, "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Id. at 1969.

Accordingly, Bell Atlantic requires that the complaint contain factual allegations sufficient, "to raise a right to relief above the speculative level." Bell Atl., 127 S. Ct. at 1965-66, 1974. However, "a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. at 1964. Rather it must plead, "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Thus, a 12(b)(6) motion to dismiss should be granted when plaintiffs fail to "nudge[] their claims across the line from conceivable to plausible." Id.

Defendant contends that plaintiff's complaint pleads insufficient facts to state a cause of action pursuant to the Bell Atlantic standard. Defendant argues that its contractual obligation was to restore plaintiff's car to its pre-accident condition, and that this duty was satisfied by offering to pay a labor rate of $65 per hour. (Def's Mot. for Recons. at 4.) Defendant claims that, "in order to demonstrate than an auto body repair labor rate of $65 per hour was insufficient to restore her car . . . plaintiff would have to allege that no auto body repair shop in her area accepted that hourly rate."

5

(<u>Id</u>. at 5.)  <u>Bell Atlantic</u> does not establish such a heightened pleading standard.  Rule 8 of the Federal Rules of Civil Procedure still requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

The complaint alleges that plaintiff purchased an automobile insurance policy from defendant, that her car was subsequently damaged, and that defendant failed to pay the reasonable hourly rate of repair.  (Opp. to Mot. for Recons. at 4.)  Plaintiff alleges that the $65.00 per hour rate was "used by USAA as a basis for limiting the amount it would pay for labor, [and] was set arbitrarily, artificially, unlawfully and unfairly."  (Compl. ¶ 15.)

Applying the <u>Bell Atlantic</u> pleading standard, it is entirely <u>plausible</u> from the allegations of the complaint that the $65 per hour which defendant was willing to pay was insufficient to restore plaintiff's car to its pre-accident condition.  Thus, even though the court erred in applying <u>Conley's</u> no set of facts standard, under <u>Bell Atlantic</u>, plaintiff has pled sufficient facts to state a <u>plausible</u> claim for breach of contract.

B. <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

As discussed in the June 20, 2007 order, because the court finds that the complaint does state a claim for breach of contract, defendant's argument with respect to the claim for breach of the implied covenant also fails.

///
///

6

1          C.    UCL

2          Also discussed in the previous order, plaintiff meets the "lost money or property" prong of the UCL in that she alleges lost insurance benefits due under her policy.

5          D.    Preliminary and Permanent Injunction

6          In ruling on defendant's motion to dismiss plaintiff's request for a preliminary and permanent injunction, this court held that it could not "conclude beyond doubt" that plaintiff would be unable to establish Article III standing pursuant to requirements of City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983). (Order 5: 22-28.)  Re-examining defendant's motion under the Bell Atlantic standard, it is plausible that plaintiff will meet the requirements of City of Los Angeles.  Plaintiff is still insured by defendant and thus would be likely to suffer the same kind of loss if her car was damaged in the future.

        IT IS THEREFORE ORDERED that defendant's motion for reconsideration be, and the same hereby is, DENIED.

DATED: August 16, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7