1  WILLIAM L. STERN (BAR NO. 96105)
   wstern@mofo.com
2  JAMES R. McGUIRE (BAR NO. 189275)
   jmcguire@mofo.com
3  ELIZABETH O. GILL (BAR NO. 218311)
   egill@mofo.com
4  SARAH E. GRISWOLD (BAR NO. 240326)
   sgriswold@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   Telephone: 415.268.7000
7
   Attorneys for Defendant
8  USAA CASUALTY INSURANCE COMPANY

9

10                UNITED STATES DISTRICT COURT

11               EASTERN DISTRICT OF CALIFORNIA

12

13  JANE MARIE FILITI, Individually and on Behalf      Case No.  2:06-cv-02694-WBS-DAD
    of All Others Similarly Situated,
14                                                     **REVISED STIPULATED**
                       Plaintiff,                      **PROTECTIVE ORDER**
15
          v.
16                                                     The Honorable William B. Shubb
    USAA CASUALTY INSURANCE COMPANY,
17  a Foreign Corporation, and DOES 1-50,              Complaint filed:  November 27, 2006

18                     Defendants.

19

20

21

22

23

24

25

26

27

28

1    Disclosure and discovery activity in this action are likely to involve production of

2    confidential, proprietary, or private information for which special protection from public

3    disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

4    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

5    Protective Order.

6    **1.      DEFINITIONS**

7        1.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees,

8    consultants, retained experts, and outside counsel (and their support staff).

9        1.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

10   medium or manner generated, stored, or maintained (including, among other things, testimony,

11   transcripts, or tangible things) that are produced or generated in disclosures or responses to

12   discovery in this matter.

13       1.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated,

14   stored or maintained) or tangible things that qualify for protection under standards developed

15   under Federal Rule of Civil Procedure 26(c).

16       1.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely

17   sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

18   would create a substantial risk of injury that could not be avoided by less restrictive means.

19       1.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

20   Producing Party.

21       1.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

22   Material in this action.

23       1.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it

24   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential —

25   Attorneys' Eyes Only."

26       1.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

27   "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

28

1    1.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained

2    to represent or advise a Party in this action.

3    1.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

4    1.11    <u>Counsel</u>:  Outside Counsel and House Counsel (as well as their support staffs).

5    1.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to

6    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

7    consultant in this action.  This definition includes a professional jury or trial consultant retained in

8    connection with this litigation.

9    1.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services

10    (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

11    storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

12    **2.    SCOPE**

13    The protections conferred by this Stipulation and Order cover not only Protected Material

14    (as defined above), but also any information copied or extracted therefrom, as well as all copies,

15    excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16    parties or counsel to or in court or in other settings that might reveal Protected Material.

17    **3.    DURATION**

18    Even after the termination of this litigation, the confidentiality obligations imposed by this

19    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

20    otherwise directs.

21    **4.    DESIGNATING PROTECTED MATERIAL**

22    4.1    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order,

23    or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

24    be clearly so designated before the material is disclosed or produced.  Designation in conformity

25    with this Order requires:

26    (a)    <u>for information in documentary form</u> (apart from transcripts of depositions

27    or other pretrial or trial proceedings), that the Producing Party affix the legend

28    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each

1   page that contains protected material.  A Party or non-party that makes original documents or

2   materials available for inspection need not designate them for protection until after the inspecting

3   Party has indicated which material it would like copied and produced.

4        (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

5   that the Party or non-party offering or sponsoring the testimony identify on the record, before the

6   close of the deposition, hearing, or other proceeding, all protected testimony.  When it is

7   impractical to identify separately each portion of testimony that is entitled to protection, and when

8   it appears that substantial portions of the testimony may qualify for protection, the Party or non-

9   party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition

10   or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the

11   testimony as to which protection is sought and to specify the level of protection being asserted

12   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

13        (c) <u>for information produced in some form other than documentary, and for</u>

14   <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

15   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

16   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

17       4.2   <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified

18   information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not,

19   standing alone, waive the Designating Party's right to secure protection under this Order for such

20   material.  If material is appropriately designated as "Confidential" or "Highly Confidential –

21   Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on

22   notification of the designation, must make reasonable efforts to assure that the material is treated

23   in accordance with the provisions of this Order.

24   **5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25       5.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

26   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

27   economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

28

1    its right to challenge a confidentiality designation by electing not to mount a challenge promptly

2    after the original designation is disclosed.

3           5.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

4    Party's confidentiality designation must do so in good faith and must begin the process by meeting

5    and conferring with counsel for the Designating Party.

6           5.3   <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality

7    designation may file and serve a motion (in compliance with General Local Rule 39-141, if

8    applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.

9    Each such motion must be accompanied by a competent declaration that affirms that the movant

10   has complied with the meet and confer requirement imposed in the preceding.

11  **6.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

12          6.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

13   or produced by another Party or by a non-party in connection with this case only for prosecuting,

14   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

15   to the categories of persons and under the conditions described in this Order.  When the litigation

16   has been terminated, a Receiving Party must comply with the provisions of section 8 below.

17   Protected Material must be stored and maintained by a Receiving Party at a location and in a

18   secure manner that ensures that access is limited to the persons authorized under this Order.

19          6.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

20   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

21   disclose any information or item designated CONFIDENTIAL only to:

22          (a)   the Receiving Party's Outside Counsel of record in this action, as well as

23   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

24   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

25   hereto as Exhibit A;

26          (b)   the officers, directors, and employees (including House Counsel) of the

27   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

28   signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1   (c)   Experts to whom disclosure is reasonably necessary for this litigation and

2   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

3   (d)   the Court and its personnel;

4   (e)   court reporters, their staffs, and Professional Vendors to whom disclosure is

5   reasonably necessary for this litigation;

6   (f)   during their depositions, witnesses in the action to whom disclosure is

7   reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

8   (Exhibit A), except PJ's Auto Body, as provided in section 6.5 below.  Pages of transcribed

9   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

10   bound by the court reporter and may not be disclosed to anyone except as permitted under this

11   Stipulated Protective Order.

12   (g)   the author of the document or the original source of the information.

13   6.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

15   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

17   (a)   the Receiving Party's Outside Counsel of record in this action, as well as

18   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

19   litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

20   (b)   House Counsel of a Receiving Party (1) who has no involvement in

21   competitive decision-making involving auto body repair labor rates, (2) to whom disclosure is

22   reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by

23   Protective Order" (Exhibit A);

24   (c)   Experts (1) to whom disclosure is reasonably necessary for this litigation,

25   and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

26   (d)   the Court and its personnel;

27

28

1            (e)       court reporters, their staffs, and Professional Vendors to whom disclosure is

2    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3    Protective Order" (Exhibit A); and

4            (f)       the author of the document or the original source of the information.

5         6.4     No Disclosure of Protected Material to PJ's Auto Body Shop.  Unless otherwise

6    ordered by the court or permitted in writing by the Designating Party, a Receiving Party must not

7    disclose Protected Material to PJ's Auto Body Shop, or its officers, directors, employees,

8    consultants, retained experts, or outside counsel (and their support staff).

9         6.5     Protected Material Subpoenaed or Ordered Produced in Other Litigation.  If a

10   Receiving Party is served with a subpoena or an order issued in other litigation that would compel

11   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

12   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so

13   notify the Designating Party, in writing no more than three court days after receiving the subpoena

14   or order.  The Receiving Party also must inform in writing the party who caused the subpoena or

15   order to issue in the other litigation that some or all the material covered by the subpoena or order

16   is the subject of this Protective Order.

17        6.6     Unauthorized Disclosure of Protected Material.  If a Receiving Party learns that,

18   by inadvertence or otherwise, it has disclosed Protected Material to any person or in any

19   circumstance not authorized under this Stipulated Protective Order, the Receiving Party must

20   immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its

21   best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

22   whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

23   person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

24   **7.     FILING PROTECTED MATERIAL.**

25        Without written permission from the Designating Party or a court order secured after

26   appropriate notice to all interested persons, a Party may not file in the public record in this action

27   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

28   with General Local Rule 39-141.

1    **8.      FINAL DISPOSITION**

2            Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

3    after the final termination of this action, each Receiving Party must return all Protected Material to

4    the Producing Party or confirm in a signed writing that it has destroyed all copies of the Protected

5    Material.  As used in this section, "all Protected Material" includes all copies, abstracts,

6    compilations, summaries or any other form of reproducing or capturing any of the Protected

7    Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

8    submit a written certification to the Producing Party (and, if not the same person or entity, to the

9    Designating Party) by the sixty day deadline that identifies (by category, where appropriate) the

10   Protected Material that was returned or destroyed and that affirms that the Receiving Party has

11   not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

12   capturing the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

13   archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

14   attorney work product, even if such materials contain Protected Material.  Any such archival

15   copies that contain or constitute Protected Material remain subject to this Protective Order as set

16   forth in Section 3 above.

17   **9.      RIGHT TO ASSERT OTHER OBJECTIONS**

18           By stipulating to the entry of this Protective Order no Party waives any right it otherwise

19   would have to object to disclosing or producing any information or item on any ground not

20   addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on

21   any ground to use in evidence of any of the material covered by this Protective Order.

22

23

24

25

26

27

28

1     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2     Dated: February 11, 2008        THE QUISENBERRY LAW FIRM

3

                By:    /s/ Robert J. Drexler

4                       Robert J. Drexler

5                       Attorneys For Plaintiff
                      JANE MARIE FILITI

6

7     Dated: February 11, 2008        MORRISON & FOERSTER LLP

8

                By:    /s/ James R. McGuire

9                       James R. McGuire

10                      Attorneys for Defendant
                     USAA CASUALTY INSURANCE

11                      COMPANY

12       I, James R. McGuire, am the ECF user whose ID and password are being used to file this

13     Revised Stipulated Protective Order.  I hereby attest that Robert J. Drexler has concurred in this

14     filing.

15

16     PURSUANT TO STIPULATION, IT IS SO ORDERED.

17

18     DATED:  February 12, 2008.

19

20                      DALE A. DROZD

21                      UNITED STATES MAGISTRATE JUDGE

22     Ddad1/orders.civil/filiti2694.protectord

23

24

25

26

27

28

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

I, _____ [print or type full name], of _____

4

_____ [print or type full address], declare under penalty of perjury that I have read in its

5

entirety and understand the Stipulated Protective Order that was issued by the United States

6

District Court for the Eastern District of California on _____ in the case of *JANE MARIE*

7

*FILITI, Individually and on Behalf of All Others Similarly Situated v. USAA CASUALTY*

8

*INSURANCE COMPANY, a Foreign Corporation, and DOES 1-50,*

9

No. 2:06-cv-02694-WBS-DAD.  I agree to comply with and to be bound by all the terms of this

10

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

11

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

12

not disclose in any manner any information or item that is subject to this Stipulated Protective

13

Order to any person or entity except in strict compliance with the provisions of this Order.

14

15

Date: _____

16

City and State where sworn and signed: _____

17

Printed Name: _____
                                      [printed name]

18

19

Signature: _____
                                  [signature]

20

21

22

23

24

25

26

27

28